Filed 10/29/13  P. v. LaTorre CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION  THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY STEVEN LATORRE,<br><br>    Defendant and Appellant. | A138555<br><br>(Sonoma County<br>Super. Ct. No. SCR-625896) |

Gary Steven LaTorre appeals from a judgment and sentence following his guilty plea to driving under the influence with three prior offenses and his admission of enhancements due to his prior service in state prison.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  LaTorre has also filed a supplemental brief.  We conclude there are no issues requiring further review and affirm.

**BACKGROUND**

According to the probation officer's report, LaTorre was arrested in October 2012 after a sheriff's deputy responded to a citizen report of a drunk driver.  The deputy observed LaTorre initiate a turn without signaling and cross the median line into the oncoming lane of traffic.  He stopped LaTorre and observed signs of intoxication.  A preliminary alcohol screening test indicated LaTorre had a blood alcohol level of .14 percent.

1

LaTorre was charged in a two-count complaint. Count one alleged a violation of Vehicle Code section 23152, subdivision (a)[1], for driving under the influence of drugs or alcohol with prior offenses that occurred within 10 years as specified in sections 23550 and 23550.5. Count two alleged a violation of section 23152, subdivision (b) for driving a vehicle with a blood alcohol level in excess of .08 percent, again with prior offenses that occurred within 10 years pursuant to sections 23550 and 23550.5. The complaint also alleged pursuant to Penal Code section 667.5, subdivision (b) that LaTorre served two prior terms in state prison.

LaTorre entered his guilty plea to both counts as charged and admitted that the allegations of his service of two prior terms in state prison were true. He also admitted all of his prior convictions. LaTorre was specifically advised that he could be sent to prison as a result of his plea for a maximum of five years. He said he understood.

LaTorre acknowleged that he discussed his rights and his case with his attorney and that he had an ample opportunity to do so. His written waiver acknowledges his open plea and exposure to a possible five-year prison sentence. The sentence imposed on count two was stayed under Penal Code section 654. The court also imposed applicable fines and fees. LaTorre timely appealed.

### DISCUSSION

Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, LaTorre's waivers or the explanation of the consequences of his plea. His plea appears to be free, knowing and voluntary. In his supplemental brief, LaTorre argues that one of his enhancements should be stricken.

According to LaTorre, his service of a term in state prison due to his 2002 conviction for possession of a controlled substance cannot be used to enhance his current sentence because, "We're [talking] about a repeat offender for my DUI's. Nothing more.

---

[1] Unless stated otherwise, all further statutory citations are to the Vehicle Code.

2

It has nothing to do whatsoever with a possession charge 12 years ago!!! It is not only ridiculous but it's also unjust." LaTorre seems to be under the mistaken impression that his enhancement must be based on conduct related in nature to his current offense. But Penal Code section 667.5, subdivision (b) provides that the sentence of a defendant who has not remained free of prison custody or felony conviction for five years may be enhanced by one year for each prior term that defendant has served in state prison. (Pen. Code, § 667.5, subd. (b).)

LaTorre's enhancement because of his conviction for possession of a controlled substance was due to his prior commitment to prison, not the nature of his prior crime. In 2007, LaTorre was convicted and sent to prison for felony driving under the influence. He was released from prison on January 6, 2009, within five years of his current conviction. Thus, LaTorre's sentence was properly enhanced because he served two prior terms in state prison, his most recent period of incarceration within five years of his current conviction.

In the trial court, LaTorre sought to avoid a prison sentence in order to remain in a substance abuse treatment program. He told the trial judge, "I do not want to minimize the danger of drinking and driving by no means. I know it's very serious. Even though I went 20 something years with no drugs or alcohol related incidents, it's no excuse for my behavior for the past 10 years. I have hurt so many people . . . ." Yet, before this court, he characterizes his prior offenses as "nothing more than a mockery of the justice system," implying that he has been unfairly treated because, apparently, there was no evidence showing he was a danger to anyone in each of his prior substance-related arrests. This is LaTorre's sixth offense related to driving under the influence. His criminal substance abuse history goes back more than twenty years. He has twice before been sent to prison.

The enhancements were proper, and we see no reason for the court to have exercised its discretion to strike them. As we said above, LaTorre's claim that he was

unaware of the possible effect of the sentence enhancements is not supported by the record.

There was no error.  Full review of the record reveals no issue that requires further briefing.

### DISPOSITION

The judgment is affirmed.


_____
Siggins, J.


We concur:


_____
McGuiness, P.J.


_____
Pollak, J.